McCHESNEY Administrator of WILMURT v. JOHN ROGERS.

1. Wherever it appears by a *proper* entry in the justice's docket, that the judgment has been paid by the plaintiff in certiorari to the justice or the constable, a writ of restitution may be ordered without previous notice; but where it does not so appear, a notice of the application for the writ or a rule to shew cause taken and served must be proved.

2. An entry in the justice's docket that he issued execution for the debt and costs, "which defendants paid in full to the constable," is not sufficient.

The judgment of the justice in this case being reversed on certiorari, *Hamilton* moved that a writ of restitution should issue, and referred to the entry on the transcript of the docket. Some doubt being suggested whether the writ ought to issue without previous notice to the defendant in certiorari.

BY THE COURT—(*Chief Justice and Ford*):—Where a proper entry in the docket of the justice, shews that the judgment has been paid by the plaintiff in certiorari to the justice or the constable, a writ of restitution may be ordered without previous notice, but where it does not so appear, a notice of the application for the writ, or a rule to shew cause why it should not issue, taken and served, must be proved. A proper entry is one which the justice regularly keeping his docket ought to make, such as the return of the constable to the execution, the payment to the justice himself or the like. The entry in the present case is not sufficient. After stating that he issued execution for the debt and costs, he adds "which defendants paid in full to the constable."

Motion overruled.